UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 24.25.206.193,<br><br>                              Defendant. | Case No.:  16cv787-LAB (BLM)<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 5]** |

Currently before the Court is Plaintiff's April 21, 2016 "*Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference." ECF No. 5.  Because the Defendant has not been identified, no opposition or reply briefs have been filed.  Having reviewed Plaintiff's motion and all supporting documents, the Court **GRANTS** the motion for the reasons set forth below.

### BACKGROUND

Plaintiff alleges that it "operates a popular subscription based website where it displays its copyrighted material." ECF No. 5-1. at 8.  On April 1, 2016, Plaintiff filed a complaint against John Doe alleging direct copyright infringement. ECF No. 1.  Plaintiff alleges that Defendant has

illegally infringed and distributed several of its copyrighted movies[1] over the internet. Id. at 1. Plaintiff further alleges that Defendant, who is only known "by his, her, or its IP Address" infringed Plaintiff's copyrights through the BitTorrent File Distribution Network. Id. at 3. Plaintiff describes the BitTorrent File Distribution Network ("BitTorrent") as a "common peer-to-peer file sharing system[] used for distributing large amounts of data, including, but not limited to, digital movie files." Id. Plaintiff states that BitTorrent allows its users to interact directly with one another without the use of an intermediary host and permits the distribution of a large file without creating a heavy load on an individual source computer or network. Id. Plaintiff further explains the process of distributing a large file through BitTorrent and notes that the BitTorrent protocol breaks a file down into several small pieces[2] that are exchanged among users, which allows an infringer to then collect the individual pieces and reassemble them in a manner that allows a file to be opened and utilized. Id.

On April 11, 2016, Plaintiff filed the instant motion. ECF No. 5-1. Plaintiff seeks an order from the Court allowing it to serve a subpoena to Defendant's Internet Service Provider[3] ("ISP") seeking Defendant's true name and address pursuant to Federal Rule of Civil Procedure 45. Id. at 8, 25.

## DISCUSSION

### A.   The Cable Privacy Act

The Cable Privacy Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of

---

[1] The movies titles include Hot in Here, Make Me Cum, Two Fingers Deep, Four Ways, Bailey Sexy, In Love With Little Caprice, Freckle Faced Fox, Capture Me, Retro Romp, Should Have Seen Your Face, Tease Me Please Me, Blonde Perfection, Still Mine, First Time, Spontaneous, Summertime. ECF No. 1, Exh. B.

[2] Each piece is assigned a unique cryptographic hash value, which is used to properly route the pieces among BitTorrent users. ECF No. 1. at 3-4. Each complete digital file also has a cryptographic hash value. Id. at 4. This hash value is used to determine that a file contains all of its pieces and is complete. Id.

[3] The ISP at issue is Time Warner Cable. ECF No. 5-1. at 8.

the subscriber. 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is defined as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). Accordingly, Plaintiff seeks an Order instructing Time Warner Cable to produce documents and information sufficient to identify the user of the specified Internet Protocol ("IP") address.

**B.     Early Discovery**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276. Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id. In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, *3 (N.D. Cal. 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the plaintiff must describe "all

previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id. at 579. Third, plaintiff should establish that its lawsuit could withstand a motion to dismiss. Id.

### 1. Identification of Missing Party with Sufficient Specificity

First, Plaintiff must identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. See id. at 578. Plaintiff has provided a declaration stating it retained Excipio GmbH, a German company that provides forensic investigation services to copyright owners, to monitor the BitTorrent file distribution network to find IP addresses being used to distribute Plaintiff's copyrighted works without authorization. ECF No. 5-3, Declaration of Daniel Susac ("Susac Decl.") at 1-2. While working for Excipio, Mr. Susac used forensic software called Network Activity Recording and Supervision ("NARS") to scan the BitTorrent network for infringement involving Plaintiff's copyrighted materials. Id. at 2. The scan showed that the IP address identified by Plaintiff transmitted copies or portions of copies of Plaintiff's copyrighted works. Id.

Plaintiff also provided a declaration from Mr. Patrick Paige, a former detective in the computer crimes unit of the Palm Beach County Sheriff's Department and founder of Computer Forensics, LLC. ECF No. 5-4, Declaration of Patrick Paige ("Paige Decl."). Mr. Paige declares that "[t]he only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider ('ISP')." Id. at 3. Mr. Paige further declares that "Plaintiff is likely to identify the infringer," but that Plaintiff must subpoena that ISP in order to learn the Defendant's true identity. Id.

Finally, Plaintiff states that it has used "proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District."[4] ECF No. 1 at 2; see also ECF No. 5-1 at 20. Because

---

[4] "Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe

Plaintiff has provided the Court with the unique IP address and the dates and times of connection, the name of the ISP and/or cable operator that provided Internet access for the user of the identified IP address, and used geolocation technology, the Court finds that Plaintiff has made a satisfactory showing that John Doe is a real person or entity behind the alleged infringing conduct who would be subject to suit in federal court.

### 2. Previous Attempts to Locate Defendants

Second, Plaintiff must describe all prior attempts it has made to identify the Doe defendant in a good faith effort to locate and serve them. See Columbia Ins. Co., 185 F.R.D. at 579. Plaintiff retained a private computer investigator to identify the IP addresses of BitTorrent users who were allegedly reproducing Plaintiff's copyrighted material. See Susac Decl. Although Plaintiff's computer investigator obtained John Doe's IP address, "[t]he only entity able to correlate an IP address to a specific individual at a given date and time is the Internet Service Provider . . . ." Paige Decl. at 3. Plaintiff also notes that it attempted to find Defendant's IP address by searching on various web search tools such as Google and reviewing numerous sources of authority. ECF No. 5-1 at 21. The Court therefore finds that Plaintiff has made a good faith effort to identify and locate John Doe.

### 3. Whether Plaintiff Can Withstand a Motion to Dismiss

#### a. Copyright infringement

"[A] plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the

---

defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the da[te] of the alleged infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." See Malibu Media, LLC v. Does 1-19, 2012 WL 2152061, at *3 (S.D. Cal. June 12, 2012) (citing Openmind Solutions, Inc. v. Does 1-39, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't v. Does 1-46, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011)). Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. Malibu Media, LLC, 2012 WL 2152061, at *3 (citing MCGIP, LLC v. Does 1-149, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011)). Here, Plaintiff has done both. See ECF No. 1.

Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citations omitted). To prove a claim of direct copyright infringement, "a plaintiff must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act." Id. (citation omitted).

Plaintiff purports to be the exclusive rights holder of the copyrighted works at issue. See ECF No. 1 at 1, Exh. B. Plaintiff alleges that between November 12, 2014 and January 16, 2016, Defendant infringed Plaintiff's copyrighted works by using the BitTorrent File Distribution Network. See ECF No. 1, Exh. B; ECF No. 5-1 at 11. Plaintiff further alleges that Defendant downloaded, copied, and distributed complete copies of Plaintiff's works without authorization. See ECF No. 1 at 5; id., Exh. A. Accordingly, Plaintiff has alleged the prima facie elements of direct copyright infringement and could withstand a motion to dismiss these claims. See Columbia Ins. Co., 185 F.R.D. at 579-80.

## CONCLUSION

Having found good cause, the Court **GRANTS** Plaintiff's motion for expedited discovery. For the foregoing reasons, it is hereby ordered that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45, on Time Warner Cable that seeks only the true name and address of John Doe. Plaintiff may not subpoena additional information;

2. Plaintiff may only use the disclosed information for the sole purpose of protecting its rights in pursuing this litigation;

3. Within fourteen (14) calendar days after service of the subpoena, Time Warner Cable shall notify the subscriber that its identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena;

4. If Time Warner Cable wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is

brought, Time Warner Cable shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge; and

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Time Warner Cable. Time Warner Cable, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED**.

Dated:  4/26/2016

Hon. Barbara L. Major
United States Magistrate Judge